Nott, J.,
delivered the opinion of the court:
The claimant contracted with the surveyor-general for New Mexico to make certain surveys of the public lands. The surveyor-general instructed him to run his range lines from north to south instead of from south to north, as prescribed by the Manual of Surveying Instructions. The claimant obeyed the order, and for so doing the Commissioner of the- General Land Office rejected so much of his work. The claimant subsequently resurveyed the tract assigned to him and was paid the contract price. He now brings his action upon the contract, alleging that he performed it when he complied with the instructions of the surveyor-general, and that he thereupon became entitled to recover its consideration. But as there can be but one performance and one consideration under a contract, and as the claimant has done the one and been paid the other, it is manifest that his suit is not properly to recover the contract price for performing, but is to recover damages upon the contract for having been hindered, delayed, and put to additional expense by the action of the Commissioner of the General Land Office.
The law of the case is to be found in the Act 30th May, 1862 (12 Stat. L., 409, § 2), which provides—
“That theprinted Manual of Instructions relatingtothe public surveys, prepared at the General Land Office, and bearing date February 22,1855, the instructions of the Commissioner of the General Land Office, and the special instructions of the survey- or-general, when not in conflict with said printed manual or the instructions of said Commissioner, shall be taken and deemed to be a part of every contract for surveying the public lands of the United States.”
It is manifest from the reading of this statute that the Commissioner of the General Land Office had power to depart from the directions laid down in the manual, but that the special instructions of the surveyor-general could not control or vary its requirements; and one of the things which it required was that township and section lines south of a base were to. start *312 “ from the first standard parallel south, and to close to the north on the base.”
Against this plain intent of the statute the counsel for the claimant does not contend 5 but he insists that inasmuch as the surveyor-general had previously caused three separate surveys to bo made by other surveyors, in which the lines were run from north to south, all of which had been approved by the Commissioner of the General Land Office, and' that inasmuch as the work of the claimant was really to fill in and complete the work of the previous surveys, an implied instruction had been given by the Commissioner, or may be inferred from the circumstances of the transaction.
It is true, as the counsel urges, that the previous action of the Land Office might very well have led the surveyor-general and the claimant both to believe that surveys would go on as they had been going — that is to say, from north to south; and it is true that the claimant’s case is a very hard one, and that it seems unreasonable that a deputy surveyor for faithfully obeying the orders of his superior, the surveyor-general, should suffer loss and be required to do his work over again; but it is equally true that both the surveyor-general and the claimant took this matter on trust, and instead of ascertaining whether the Land Office intended to depart from the manual in the matter of this survey, they took that for granted and assumed what they should have ascertained. It may have been carelessness on the part of the Commissioner of the General Land Office that he did not, when the last of the north to south surveys was completed, inform the surveyor-general that thereafter the contiguous surveys would proceed according to the manual, and this carelessness may have been of such a nature that, according to the law of private agents, the Commissioner would have been liable if he had been the principal; but neither the circumstances nor the hardships of the claimant’s case nor the good faith of the transaction can make the surveyor-general’s instructions a part of the contract against the plain intent of the statute when they were in conflict with the manual. As the Supreme Court said in the Floyd Acceptance Cases (7 Wall., 666):
u Our statute-books are filled with acts authorizing the making of contracts with the government through its various officers *313 and departments, but, in every instance, the person entering into such a contract must look to the statute under which it is made and see for himself that his contract comes within the terms of the law.”
The decision of the Supreme Court in Brown v. Clements (3 How., 630, 665) is equally decisive in holding that a surveyor general is without authority to depart from the terms of a statute or the instructions of the department.
There is, however, an additional cau.se of action in the case growing out of the order of the Commissioner of the General Land Office to have the erroneous survey obliterated.
This error, as we have shown, was no fault of the claimant’s, and was caused in fact by the carelessness of the General Land Office in not notifying the surveyor-general that north to south surveys would be discontinued, and by the mistake of the surveyor-general in supposing that surveys would continue to be made as they had been on contiguous tracts. The contract did not require the claimant to obliterate erroneous surveys,’ nor authorize the Commissioner of the General Land Office to compel him to do so. The erroneous monuments did not affect the value of the land, nor interfere with its use and occupation, and their removal was merely for the future convenience of the Laud Office and its agents, and consequently for the use of the defendants. If the claimant had declined to obliterate the first survey, and the government had sued him on his bond, no court would have held him liable for an error caused by a mistake of the government’s own agents. The work of obliterating, amid the circumstances of this case, ivas clearly work done for the defendants and at their request, aud for it the claimant should recover in quantum meruit.
The judgment of the court is that the claimant recover of the defendants the sum of $3,000.